1  Rhett O. Millsaps II (SBN 348949)
   rhett@lex-lumina.com
2  Mark A. Lemley (SBN 155830)
   mlemley@lex-lumina.com
3  LEX LUMINA PLLC
   700 S. Flower Street, Suite 1000
4  Los Angeles, CA  90017
   Telephone:  (213) 600-6063
5  Facsimile:  (646) 906-8657

6
7  *Attorneys for Plaintiff Google LLC*

8                 **UNITED STATES DISTRICT COURT**

9               **NORTHERN DISTRICT OF CALIFORNIA**

10                  **SAN FRANCISCO DIVISION**

11

12  GOOGLE LLC,                          | Case No. 3:23-cv-5824-SK

13          Plaintiff,                   | **PLAINTIFF'S NOTICE OF MOTION**
                                          **AND MOTION TO AUTHORIZE**
14                                        **ALTERNATIVE SERVICE [FED. R.**
       v.                                 **CIV. P. 4(F)(3)]**
15
    NGUYEN VAN DUC, PHAM VAN THIEN,
16  and DOES 1-20,                        Date:      January 8, 2024
                                          Time:      9:30 a.m.
17          Defendants.                   Location:  Courtroom C, 15th Floor
                                          Judge:     Hon. Sallie Kim
18

19

20

21

22

23

24

25

26

27

28

                                      1

1

**NOTICE OF MOTION**

2

   **PLEASE TAKE NOTICE** that on January 8, 2023, at 9:30 a.m. or as soon thereafter as this

3

matter may be heard before Magistrate Judge Sallie Kim in Courtroom C, 15th Floor at 450 Golden

4

Gate Ave., San Francisco, CA 94102, Plaintiff Google LLC will and hereby does move this Court for

5

an order under Federal Rule of Civil Procedure 4(f)(3) authorizing service on Defendants Nguyen Van

6

Duc and Pham Van Thien via email and text message. This motion is based upon this notice, the

7

following memorandum of points and authorities, the declaration of Rhett O. Millsaps II and attached

8

exhibits, the pleadings and papers on file, all other matters of which the Court may take judicial notice,

9

and oral argument of counsel, should the Court request it.

10

**ISSUES TO BE DECIDED**

11

   Whether Plaintiff may serve Defendants Nguyen Van Duc and Pham Van Thien by e-mail and

12

text message pursuant to Federal Rule of Civil Procedure 4(f)(3).

13

14

Dated: November 21, 2023                    Respectfully submitted,

15

                                            LEX LUMINA PLLC

16

                                            By: /s/ *Rhett O. Millsaps II*

17

                                                Rhett O. Millsaps II (SBN 348949)
                                                rhett@lex-lumina.com

18

                                                Mark A. Lemley (SBN 155830)
                                                mlemley@lex-lumina.com

19

                                                700 S. Flower Street, Suite 1000
                                                Los Angeles, CA  90017

20

                                                Telephone:  (213) 600-6063

21

                                                Facsimile:  (646) 906-8657

22

                                            *Attorneys for Plaintiff Google LLC*

23

24

25

26

27

28

2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.   INTRODUCTION

As set forth in Google's complaint (the "Complaint" or "Compl."), Defendants Nguyen Van Duc and Pham Van Thien are Vietnam-based bad actors who control dozens of Google accounts (or Gmail addresses) that Defendants have systematically abused to submit fraudulent notices of copyright infringement (or "Takedown Requests") to have Google remove listings of Defendants' competitors' websites from Google Search results. Compl. ¶¶ 1-2, 31-37. Defendants' conduct violates the Digital Millennium Copyright Act, 17 U.S.C. 512 (the "DMCA"), Google's Terms of Service ("TOS") and other policies, including the Gmail Program Policies, and state law. *Id.* ¶¶ 3, 17, 20-22, 44-60.

Google brings this motion for permission to serve Defendants via email and text message under Federal Rule of Civil Procedure 4(f)(3) following Google's diligent but unsuccessful efforts to locate Defendants for physical service. Google sent process servers to numerous U.S. addresses listed by Defendants in connection with their fraudulent DMCA Takedown Requests and counter-notification; none of those addresses is actually associated with Defendants. Additionally, by filing a counter-notification under the DMCA, Defendant Nguyen has expressly submitted to the jurisdiction of this Court and expressly agreed to accept service.

Courts in this District and around the country have found that alternative service by email and/or text message is appropriate in cases involving foreign defendants—including defendants in Vietnam—in circumstances like these, particularly where Defendants' illegal activities are conducted exclusively online using active email addresses and where Defendants submit DMCA counter-notifications. *See Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1017-19 (9th Cir. 2002); *Nintendo of America, Inc. v. Minh*, No. 2:20-cv-01707-RSM-JRC, 2021 WL 9628529, at *1-2 (W.D. Wash. Jan. 5, 2021) (authorizing email service on a Vietnam-based defendant based on DMCA counter-notification submitted by defendant); *UnitedHealth Grp., Inc. v. United Healthcare, Inc.*, No. 2:14-cv-00224-RCJ-NJK, 2014 WL 12791252, at *3 (D. Nev. July 21, 2014) (permitting service of process by mail and e-mail on Vietnam defendants), *objections overruled*, No. 2:14-CV-00224-RCJ, 2014 WL 4635882 (D. Nev. Sept. 16, 2014).

As discussed below, because service by email and text message here would comport with the Federal Rules of Civil Procedure and constitutional due process, is not prohibited by international agreement, and is likely to provide actual notice to Defendants, the Court should grant Google's request to effect service on Defendants at the active and validated Gmail addresses used by Defendants to submit their DMCA Takedown Requests and counter-notification, and at the mobile telephone numbers associated with those Gmail addresses.

## II.    FACTUAL BACKGROUND

Defendants have weaponized Google's DMCA notice-and-takedown systems and procedures and used them not for their intended purpose of expeditiously removing allegedly infringing content, but instead to have the legitimate content of their competitors removed based on false allegations. Specifically, Defendants—led primarily by two individuals based in Vietnam, Defendants Nguyen and Pham—have created and abused dozens of Gmail accounts to submit thousands of fraudulent Takedown Requests targeting more than 117,000 third-party website URLs. Compl. ¶¶ 2, 31-39. Defendants appear to be connected with websites selling printed t-shirts, and their unlawful conduct aims to remove competing third-party t-shirt sellers from Google Search results. *Id*. ¶¶ 2, 31.

Google has diligently investigated the Gmail accounts, websites, and purported businesses associated with Defendants' scheme. *See* Declaration of Rhett O. Millsaps II ("Millsaps Decl.") ¶¶ 4-20. In the course of this investigation, Google has identified four key and currently active Gmail addresses used by Defendants: vanduc1993@gmail.com, duchero93@gmail.com, thienpv1982@gmail.com, and phamthaits@gmail.com (the "Gmail Accounts"). *Id*. ¶¶ 5-7. According to Google's records, the vanduc1993@ and duchero93@ Gmail Accounts are associated with Defendant Nguyen, and the thienpv1982@ and phamthaits@ Gmail Accounts are associated with Defendant Pham. *Id*. ¶¶ 17-18. All four Gmail Accounts have frequent and consistent logins over the past year, including as recently as October 13-27, 2023. *Id*. ¶ 9, Ex. 2-5. Google also identified a Vietnamese phone number, +84367320987, which is the recovery SMS number for the vanduc1993@ and duchero93@ Gmail Accounts; a second Vietnamese phone number, +84941951777, which is the recovery SMS number for the thienpv1982@ Gmail Account; and a third Vietnamese phone number, +84977276737, which is the recovery SMS number for the phamthaits@ Gmail Account. *Id*. ¶¶ 11-14.

The recent use of these Gmail Accounts and the recovery numbers provided for each provide good reason to believe that Defendants can receive service via these alternative methods.

Additionally, on November 18, 2022, a DMCA counter-notification form signed "Long Nguyen" was submitted under 17 U.S.C. § 512(g)(3) using the duchero93@ Gmail Account. Millsaps Decl. ¶ 16, Ex. 1. As part of the counter-notification, and as required by statute, the user of the duchero93@ Gmail Account—which is associated with Defendant Nguyen (*see id* ¶ 17)—agreed to the jurisdiction of this Court and to accept service of process. *Id*. ¶ 6, Ex. 1.

Google also has diligently investigated numerous websites and purported businesses with purported U.S. addresses that Defendants listed in connection with their fraudulent Takedown Requests and DMCA counter-notification. *See id*. ¶¶ 15-20. For example, Defendants purported to submit Takedown Requests on behalf of a company called "MyFrogtees LLC" in connection with a website, www.myfrogtees.com, that appears to sell t-shirts in the United States. *Id*. ¶ 15. Google's investigation, however, has revealed that MyFrogtees LLC is not a legal entity in the United States, despite listing on its website a purported physical address in Albuquerque, New Mexico. *Id*. Moreover, the listed Albuquerque address is in fact a single-family home, and the owner at the address appears to have no connection to Vietnam and credibly claims to have no knowledge of "MyFrogtees" or the named Defendants. *Id*. Google's investigation of other addresses listed by Defendants in New Mexico and Oregon yielded the same results. *See id*. ¶¶ 15-16. Google has concluded based on its diligent investigation that Defendants do not actually have any presence in the U.S. but rather are solely based in Vietnam. *See id*. ¶¶ 17-20.[1]

---

[1] While Defendants Nguyen and Pham provided billing addresses in Vietnam in connection with their Google accounts, Google cannot determine without incurring significant additional expenses and delay whether those addresses are reliable or if service via registered mail will reach Defendants at those addresses. Nonetheless, out of an abundance of caution, Google has mailed service copies of the summonses, complaint, and the Court's standing Orders to Defendants' alleged physical addresses in Vietnam by registered mail with return receipt requested. The Hague Convention permits service by mail, *Brockmeyer v. May*, 383 F.3d 798, 801-802 (9th Cir. 2004), and Vietnam has declared that it does not oppose "service of documents through postal channels mentioned in paragraph a of Article 10 of the Convention if the documents forwarded via postal channels are sent via registered mail with acknowledgement of receipt." Millsaps Decl. ¶ 21.

1  **III.    ARGUMENT**

2      The Court should grant leave for Google to serve Defendants at the currently active Gmail

3  addresses and associated telephone numbers that Defendants used to submit their fraudulent DMCA

4  Takedown Requests and the DMCA counter-notification. Service by email and text message is the most

5  likely method to successfully reach Defendants and provide actual notice of this suit. Furthermore, by

6  statutory requirement and sworn statement, Defendant Nguyen expressly consented to this Court's

7  jurisdiction and to accept service of process when he submitted the DMCA counter-notification.

8  Millsaps Decl. ¶ 6, Ex. 1.

9          **A.    Service by Email and Text Message is Consistent with FRCP 4(f).**

10     Federal Rule of Civil Procedure 4(f)(3) permits a plaintiff to serve a person in a foreign country

11 "by other means not prohibited by international agreement, as the court orders." Fed. R. Civ. P. 4(f)(3).

12 Alternative methods of service are valid if they are (1) authorized by a court, (2) not prohibited by

13 international agreement, and (3) "reasonably calculated, under all the circumstances, to apprise

14 interested parties of the pendency of the action and afford them an opportunity to present their

15 objections." *Rio Props. v. Rio Int'l Interlink*, 284 F.3d 1007, 1014-16 (9th Cir. 2002) (quoting *Mullane*

16 *v. Cent. Hanover Bank & Trust Co.*, 339 U.S. 306 (1950)).

17     Service under Rule 4(f)(3) "is as favored as service available under Rule 4(f)(1) [via the Hague

18 Convention] or Rule 4(f)(2) [under the foreign country's laws]" and stands "on equal footing" with

19 other methods of international service. *Rio*, 284 F.3d at 1015. A plaintiff seeking permission to serve a

20 foreign defendant via alternative methods "need not have attempted every permissible means of service

21 of process before petitioning the court for alternative relief" and instead need only "demonstrate that

22 the facts and circumstances of the present case necessitate[] the district court's intervention." *Id.* at

23 1016. Indeed, courts in this District regularly allow service under Rule 4(f)(3) in the first instance. *See*,

24 *e.g.*, *WeWork Cos. Inc. v. WePlus (Shanghai) Tech. Co.*, No. 5:18-cv-04543-EJD, 2019 WL 8810350,

25 at *2-3 (N.D. Cal. Jan. 10, 2019) (there is "no requirement that Plaintiff attempt service of Defendant

26 at its physical address as a precondition to the court authorizing alternative service pursuant to Rule

27 4(f)(3)"); *Cisco Sys., Inc. v. Wuhan Wolon Commc'n Tech. Co.*, No. 5:21-CV-04272-EJD, 2021 WL

28 4962661, at *12-13 (N.D. Cal. July 23, 2021) (granting ex parte motion to effect service by email on

foreign defendant that conducted business online and by email); *Facebook, Inc. v. Trabi*, No. 3:20-CV-07348-SK, 2021 WL 4942678, at *2 (N.D. Cal. May 3, 2021) (Kim, J.) (permitting service by e-mail on defendants located in the United Arab Emirates).

### 1. Service by Email and Text Message Does Not Violate Any International Agreement.

The primary agreement governing international service is the Hague Convention on the Service Abroad of Judicial and Extrajudicial Documents in Civil or Commercial Matters, Nov. 15, 1965, 20 U.S.T. 361, T.I.A.S. No. 6638 (the "Hague Convention"). *See Brockmeyer*, 383 F.3d at 801. While Vietnam is a signatory, "the Hague Convention does not specifically preclude service of process via e-mail" or text message. *ABS-CBN Corp., et al. v. ABSCBNPINOY.COM, et al.*, No. 19-cv-62693-BLOOM/Valle, 2019 WL 9654836, at *2 (S.D. Fla. Oct. 31, 2019) (authorizing service of Vietnam-based defendant by email). Where a signatory nation has objected to the alternative means of service provided by the Hague Convention, that objection is expressly limited to those means and does not represent an objection to other forms of service, such as email or text message. *Stat Med. Devices, Inc. v. HTL-Strefa, Inc.*, No. 15-cv-20590-FAM, 2015 WL 5320947, at *3 (S.D. Fla. Sept. 14, 2015) (noting that an objection to the alternative forms of service set forth in the Hague Convention is limited to the specific forms of service objected to). A court acting under Rule 4(f)(3) thus remains free to order alternative means of service where a signatory nation has not expressly objected to those means. *See Gurung v. Malhotra*, 279 F.R.D. 215, 219 (S.D.N.Y. 2011). Vietnam has not expressly objected to service via email or text message. *See ABS-CBN Corp.*, 2019 WL 9654836, at *2 n.2; Millsaps Decl. ¶ 20.

Accordingly, service of Defendants by email and text message does not violate any international agreement. *See Nintendo*, 2021 WL 9628529, at *2 (authorizing email service on a defendant in Vietnam); *ABS-CBN Corp.,* 2019 WL 9654836, at *2 (same); *UnitedHealth Grp.*, 2014 WL 12791252, at *3 (authorizing service of Vietnam defendants by mail and email).

### 2. Service by Email and Text Message Satisfies Due Process.

Courts in this Circuit routinely find that service via email satisfies due process. *See*, *e.g.*, *Nintendo*, 2021 WL 9628529, at *2 (finding email service on Vietnam resident comported with due

process); *WeWork*, 2019 WL 8810350, at *2-3; *Trabi*, 2021 WL 4942678, at *2; *Keck v. Alibaba.com, Inc.*, No. 17-cv-05672-BLF, 2017 WL 10820533, at *2-3 (N.D. Cal. Dec. 20, 2017); *Cisco Sys., Inc. v. Shenzhen Usource Tech. Co.*, No. 5:20-CV-04773-EJD, 2020 WL 4196273, at *13-14 (N.D. Cal. July 20, 2020); *Fourte Int'l Ltd. BVI v. Pin Shine Indus. Co.*, No. 18-cv-00297-BAS-BGS, 2019 WL 246562, at *1-3 (S.D. Cal. Jan. 17, 2019); *Pac. Logistics Corp v. Pac. Logistics Priority Mail,* No. CV-19-05023-PHX-SMB, 2019 WL 12338254, at *2 (D. Ariz. Sept. 12, 2019).

The DMCA notification and counter-notification procedures contemplated by statute are, in practice, achieved through email communications. It thus logically follows that Defendants should expect to receive further messages regarding their DMCA Takedown Requests and counter-notification at the same currently active Gmail addresses they used to submit many of the Takedown Requests and counter-notification. Particularly in this case—where Google has already investigated and discovered that numerous physical U.S. addresses listed by Defendants are not in fact associated with Defendants—"[i]f any method of communication is reasonably calculated to provide [defendants] with notice, surely it is email." *Rio Props*., 284 F.3d at 1018 (allowing service by email where defendant "designated its email address as the preferred contact information"). Indeed, as the Ninth Circuit further observed, "when faced with an international ebusiness scofflaw, . . . email may be the only means of effecting service of process." *Id*.

Here, Google has identified four recently-accessed Gmail Accounts that Defendants used to submit their fraudulent Takedown Requests. *See* Millsaps Decl. ¶¶ 4-9. Google additionally has identified three telephone numbers that Defendants submitted as the SMS recovery numbers for those Gmail Accounts. *See id*. ¶¶ 11-13. Under these circumstances, there is a strong likelihood that email service will "apprise [Defendants] of the pendency of the action and afford [them] an opportunity to" respond. *Rio Props.*, 284 F.3d at 1017. In addition, "combin[ing]" service via email with service via text message will reinforce its effectiveness. *Juicero, Inc. v. Itaste Co*., Case No. 17-cv-01921-BLF, 2017 WL 3996196, at *3 (N.D. Cal. June 5, 2017); *see also Marvici v. Roche Facilities Maint. LLC*, No. 21 Civ. 4259 (PAE) (JLC), 2021 WL 5323748, at *4 (S.D.N.Y. Oct. 6, 2021) (approving service via text message as "one piece of a multi-prong approach to service").

**B.**   **The DMCA Provides an Additional Basis to Authorize Service by Email.**

8

Though granting leave to serve by email and text message here comports fully with FRCP 4(f)(3), the Court could also (or alternatively) grant leave on another basis. By mandating that the counter-noticing party "will accept service of process," 17 U.S.C. § 512(g)(3)(D), the DMCA creates a specific rule for this type of civil action. Given this statutory language, and given that the entire counter-notification process happens electronically, it logically follows that the DMCA contemplates email service regardless of FRCP 4(f)(3). In the event of any conflict between the DMCA and the Federal Rules, the statute should control—both because it is more specific to this type of action and because it was enacted after the most recent amendment to FRCP 4(f). *See Gozlon-Peretz v. U.S.*, 498 U.S. 395, 407 (1991) ("A specific provision controls over one of more general application."); *Hellon & Assocs., Inc. v. Phoenix Resort Corp.*, 958 F.2d 295, 297 (9th Cir. 1992) ("[T]o the extent that statutes can be harmonized, they should be, but in case of an irreconcilable inconsistency between them the later and more specific statute usually controls the earlier and more general one.").

Here, Defendant Nguyen submitted a DMCA counter-notification in which he stated that he would accept service of process. *See* Millsaps Decl. ¶ 6, Ex. 1. The Court thus could find it proper on this ground alone to serve Defendant Nguyen at his email address associated with the counter-notification, based on his express agreement to accept service as required by statute. *See* 17 U.S.C. § 512(g)(3)(D).

## IV.   <u>CONCLUSION</u>

For the foregoing reasons, Google respectfully requests that the Court authorize alternative service on Defendants via email at vanduc1993@gmail.com, duchero93@gmail.com, thienpv1982@gmail.com, and phamthaits@gmail.com, and via text message at +84367320987, +84941951777, and +84977276737.

---

Dated: November 21, 2023

Respectfully submitted,

LEX LUMINA PLLC

By: /s/ *Rhett O. Millsaps II*
    Rhett O. Millsaps II (SBN 348949)
    rhett@lex-lumina.com
    Mark A. Lemley (SBN 155830)
    mlemley@lex-lumina.com
    700 S. Flower Street, Suite 1000
    Los Angeles, CA  90017
    Telephone:  (213) 600-6063
    Facsimile:  (646) 906-8657

*Attorneys for Plaintiff Google LLC*

PLAINTIFF'S MOTION FOR ALTERNATIVE SERVICE                     CASE NO. 3:23-CV-5824-SK